FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 28 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, : CIVIL ACTION NUMBER
:
Plaintiff, :
: 09 3742
v. : COMPLAINT
:
VILLAGE OF AMITYVILLE and the :
AMITYVILLE FIRE DEPARTMENT, : JURY TRIAL DEMANDED
:
Defendants. : SPATT, J.
------------------------------------------------------------x

ORENSTEIN, M.J.

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Edwin Lawrence and other similarly situated employees of the Defendant Amityville Fire Department, which is the fire department for Defendant Village of Amityville. The Equal Employment Opportunity Commission ("Commission") alleges that between January 1, 1992 and December 31, 2003, Defendants refused to allow volunteer firefighters age 65 and older to accrue "firefighting service" towards a "length of service award benefit" in the Amityville Fire Department Length of Service Award Program because of their age. The Commission alleges that between January 1, 2004 and December 31, 2005 Defendants refused to allow volunteer firefighters age 62 and older to accrue firefighting service towards a length of service award benefit in the Amityville Fire Department Length of Service Award Program because of their age. The Commission further alleges that, although Defendants, effective January 1, 2006, amended the Amityville Fire Department Length of Service Award Program to

allow firefighters to earn firefighting service without regard to age, Defendants did not award any firefighters who in previous years had lost firefighting service any lost firefighting service, because of age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c), and Section 17 of the FLSA, 29 U.S.C. §217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Village of Amityville ("Amityville") has continuously been a political subdivision of the State of New York.

5. At all relevant times, Amityville has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Amityville has continuously been doing business in the State of New York and the County of Suffolk, and has continuously had at least 20 employees.

7. At all relevant times, Amityville has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

8. At all relevant times, Defendant the Amityville Fire Department has continuously been a corporation under the laws of the State of New York.

9. At all relevant times, the Amityville Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

10. At all relevant times, the Amityville Fire Department has continuously been doing business in the State of New York and the County of Suffolk, and has continuously had at least 20 employees.

11. At all relevant times, the Amityville Fire Department has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

12. At all relevant times, the Amityville Fire Department has been the default first responder fire department for Amityville.

13. At all relevant times, the Amityville Fire Department has been an agency or instrumentality of Amityville within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

## CONCILIATION

14. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

15. Since at least October 16, 1992, and continuing thereafter, Amityville and the Department (collectively "Defendants") have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

16. Pursuant to New York State law, a political subdivisions could establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "firefighting service" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A.

17. In 1992 Amityville created a LOSAP for the Amityville Fire Department (the "Amityille LOSAP").

18. Under the terms of the Amityville LOSAP, firefighters must earn five (5) years of firefighting service to become eligible for a service award.

19. Between January 1, 1992 and December 31, 2003, Amityville Fire Department firefighters age 65 and older could not earn additional years of firefighting service, because of their age, in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

20. Between January 1, 2004 and December 31, 2005, Amityville Fire Department firefighters age 62 and older could not earn additional years of firefighting service, because of their age, in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

21. Effective January 1, 2006, Defendants amended the Amityville LOSAP to allow firefighters to earn additional years of firefighting service, because of their age, without regard to age. However, Defendants did not provide those firefighters who, between January 1, 1992 and December 31, 2003 reached age 65, or who, between January 1, 2004 and December 31, 2005 reached age 62 ("the age of eligibility"), with years of fire service not received because of age, in

violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

22. The effect of the practices complained of in paragraphs 15 through 21 above has been to deprive Edwin Lawrence and other similarly situated individuals who reached the age of eligibility of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

22. The unlawful employment practices complained of in paragraphs 15 through 20 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Village of Amityville and the Amityville Fire Department, their officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees on the basis of age, and any other employment practice which discriminates on the basis of age.

B. Order the Village of Amityville and the Amityville Fire Department to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant an order requiring the Village of Amityville and the Amityville Fire Department to desist and refrain from the practice of refusing to allow volunteer firefighters from accruing years of firefighting service because of age.

D. Grant a judgment requiring the Village of Amityville and the Amityville Fire Department to award volunteer firefighters affected by Defendants' illegal policies credit toward a service award in an appropriate amount to be determined at trial.

  E. Grant a judgment requiring the Village of Amityville and the Amityville Fire Department to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to retired volunteer firefighters whose service awards were denied or reduced as a result of the acts complained of above, including but not limited to the affected firefighters.

  F. Order the Village of Amityville and the Amityville Fire Department to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to service award credit for the affected firefighters.

  G. Grant such further relief as the Court deems necessary and proper in the public

interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 28, 2009  
        New York, New York

Respectfully submitted,

James Lee  
Deputy General Counsel

Gwendolyn Reams  
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
131 M Street, N.E.  
Washington, D.C. 20507

*/s/ Elizabeth Grossman*  
Elizabeth Grossman  
Regional Attorney  
e-mail: elizabeth.grossman@eeoc.gov

*/s/ Judy Keenan*  
Judy Keenan  
Supervisory Trial Attorney  
e-mail: judy.keenan@eeoc.gov

*/s/ Michael J. O'Brien*  
Michael J. O'Brien, MO-6409  
Senior Trial Attorney  
New York District Office  
33 Whitehall Street, 5th Floor  
New York, NY 10004  
tel:    (212) 336-3694  
fax:    (212) 336-3623  
e-mail: michael.obrien@eeoc.gov